# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHN PETERSON JANVIER,**

      **Plaintiff,**

**v.**                                           Case No: 6:17-cv-1001-Orl-40DCI

**BILL COWLES,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 2)**
>
> **FILED:** **June 2, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion (Doc. 2) be **DENIED**.

## I. BACKGROUND.

On June 2, 2017, Plaintiff filed a "Complaint/Notice of Appeal" against "Bill Cowles, Supervisor of Elections Orange County, Florida." Doc. 1. The Complaint states in its entirety as follows:

> Comes now, Plaintiff/Petitioner, John Peterson Janvier, voter registration number: *********/Party: Florida Democratic Party, Orange County Democratic Black Caucus Member, pro se and files this notice of appeal under the provision [28 U.S.C. 1343(4), 441 U.S. 600 and Chapter 98 Section 075(5) Florida State Statutes] Determination Letter Removed. – See attch (sic) documents dated 05/08/2017 for the following reason(s):

1. Charge is a misdemeanor, and is eligible to vote.

*Id.*[1]  Plaintiff attached various documents to the Complaint regarding a prior criminal conviction and his voter registration. Doc. 1-1. The Complaint is not a model of clarity, but appears to be asserting a claim to reinstate Plaintiff's voting rights. *See* Docs. 1; 1-1.

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs on the same day he filed the Complaint. Doc. 2. The undersigned construes the Application as a motion to proceed *in forma pauperis* (Motion). The Motion is ripe for review.

**II.     STANDARD OF REVIEW.**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2), and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B)(i-iii).[2] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).[3] The Court must liberally construe the complaint when conducting

---

[1] The undersigned omitted Plaintiff's voter registration number.

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.  ANALYSIS.

The undersigned finds that Plaintiff is a pauper. The undersigned, however, finds that the Complaint does not comply the basic pleading requirements of the Federal Rules of Civil Procedure, and, thus, as discussed below, should be dismissed with leave to file an amended complaint.

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). The pleading must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

The Complaint fails to comply with the basic pleading requirements of Rule 8, Federal Rules of Civil Procedure. It appears that Plaintiff is prohibited from voting due to a prior criminal conviction, and filed this action in an effort to reinstate his right to vote. *See* Docs. 1; 1-1. The Complaint, though, does not sufficiently state the grounds for the Court's jurisdiction over this case, does not contain any allegations of fact or law that demonstrate that Plaintiff is entitled to relief, and does not contain a demand for relief. *See* Doc. 1. These patent deficiencies prohibit the Court from determining whether it has jurisdiction over this case, and whether Plaintiff has

stated a claim upon which relief may be granted. Therefore, the undersigned recommends that the Complaint be dismissed, and Plaintiff be granted leave to file an amended complaint that complies with the pleading requirements of Rule 8, Federal Rules of Civil Procedure.

IV. **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 2) be **DENIED**.

2. The Complaint (Doc. 1) be **DISMISSED without prejudice**.

3. Plaintiff be granted leave to the do the following no later than 21 days after the date the Court enters an order on this report:

    a. File an amended complaint; and

    b. File a renewed motion to proceed *in forma pauperis* or pay the full filing fee.

4. Plaintiff be admonished that failure to file an amended complaint and a renewed motion to proceed *in forma pauperis* or pay the full filing fee in the time provided may result in the case being dismissed.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by regular and certified mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 13, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy