UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN PETERSON JANVIER,

     Plaintiff,

v.                                                              Case No. 6:17-cv-1001-ORL-40DCI

BILL COWLES, SUPERVISOR OF
ELECTIONS, ORANGE COUNTY,
FLORIDA,

     Defendant.

_____/

## JOINT PRETRIAL STATEMENT

The Plaintiff, John Peterson Janvier ("Janvier"), and the Defendant, Bill Cowles, Supervisor of Elections, Orange County, Florida ("Supervisor"), in compliance with the Case Management Report (Doc. 24) and the Case Management and Scheduling Order (Doc. 26), and pursuant to Local Rule 3.06(c), hereby files their Joint Pretrial Statement and provides the following:

### 1.     FEDERAL JURISDICTION

Federal Courts have jurisdiction over issues of voter disenfranchisement. *See, e.g., Hand v. Scott*, No. 4:17-cv-128-MW-CAS, (N.D. Fla. 2018).

## 2.    NATURE OF THE ACTION

This is an action by a citizen of the state of Florida, over the age of 18, seeking to restore his eligibility to vote in federal, state, and local elections.

## 3.    PLAINTIFF'S STATEMENT OF THE CASE AND FACTS

Janvier was charged and convicted for "attempt to commit carrying a concealed firearm." This charge and conviction was reported to the Supervisor as a third-degree felony in Janvier's records, but is a first-degree misdemeanor under Florida law. Janvier is entitled to relief on the grounds that he never lost his Civil Right to vote on August 21, 2015, in Orange County, Florida due to a prior criminal conviction charge of a misdemeanor. Under Florida law, a person convicted of criminal misdemeanor is still eligible to vote, and Janvier respectfully requests this Court to enter an Order for the Supervisor to reinstate/restore Janvier to the Statewide Voter Registration System.

## 4.    DEFENDANT'S STATEMENT OF THE CASE AND FACTS

The Supervisor is a constitutional officer whose duties are to ministerially apply the federal, state, and local election laws pertinent to the citizens of Orange County. Accordingly, the Supervisor does not possess discretion to modify or waive compliance with his statutory duties, but instead uniformly complies in a manner to promote the integrity of federal, state, and local elections conducted within Orange County. The Supervisor does not contest the authenticity of the

Order Granting Janvier's Motion to Take Judicial Notice of a document that indicates the criminal charge to be categorized as a first degree misdemeanor. (Exhibit "A"). The Supervisor does not have the discretion, however, to interpret a grant of Judicial Notice as the direction of a court to deem Janvier convicted of a misdemeanor as opposed to a felony for purposes of voting rights restoration. The Supervisor neither admits nor denies the appropriateness of the relief requested by Janvier, but instead submits that a Judgment or Order of this Court would allow the Supervisor to take whatever action this Court deems appropriate concerning the voter registration status of Janvier with regard to his present voting restriction.

## 5.    EXHIBITS

Janvier has produced several exhibits, none of which are subject of any objection by the Supervisor. Moreover, the Supervisor stipulates to authenticity and does not object to any exhibit on the basis of hearsay or other potential legal objection.

The Supervisor does not intend to rely on any exhibits other than those already produced by Janvier.

### 6.    WITNESSES

The parties themselves are the only listed witnesses. The representative for the Supervisor shall be Linda Tanko, Senior Deputy Supervisor for Voter Services.

### 7.    EXPERT WITNESSES

No expert witnesses have been retained by either party.

### 8.    MONETARY STATEMENT ELEMENTS AND CLAIMS

There are no monetary claims involved in Mr. Janvier's suffrage action.

### 9.    DEPOSITIONS

No depositions have been or will be taken by any party.

### 10.    ADMISSIONS

The parties agree that if the conviction, listed above, is properly to be deemed a misdemeanor, then Janvier should be deemed an eligible voter. The parties similarly agree that, pursuant to current law, if the conviction is properly deemed a felony, then Janvier is not yet eligible for restoration of his voting rights.

### 11.    APPLICABLE LAW

There are no disputes about applicable law, save the uncertainty regarding the penal classification of "attempt to commit carrying a concealed firearm" as a misdemeanor or felony.

## 12.    ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

There are no facts that are in material dispute between the parties. Janvier admits that he was charged and convicted of the crime of attempt to carry a concealed weapon. The issue, as outlined above, revolves about whether or not that conviction should be classified as a misdemeanor or a felony.

## 13.    ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

The sole issue of law, as provided in paragraph 12 above, is whether or not the August 21, 2015 conviction of Janvier for "attempt to commit carrying a concealed firearm" should be deemed as a misdemeanor conviction or a felony conviction, for purposes of application of Florida's voting rights provisions.

## 14.    STATEMENT OF DISAGREEMENT TO THE APPLICATION OF THE FEDERAL RULES OF EVIDENCE OR THE FEDERAL RULES OF CIVIL PROCEDURE

No disagreement exists between the parties regarding application of either the Federal Rules of Evidence or the Federal Rules of Civil Procedure.

### 15.    MOTIONS THAT REQUIRE ACTION BY THE COURT

No pending motions require action by the Court.


Respectfully submitted:   March 21, 2018.


/s/ Nicholas A. Shannin
Nicholas A. Shannin, Esquire
Florida Bar No. 0009570
214 East Lucerne Circle, Suite 200
Orlando, Florida 32801
Tel:  (407) 985-2222
Fax:  (407) 386-1901
Email:  nshannin@shanninlaw.com
service@shanninlaw.com
General Counsel for Defendant, Bill Cowles,
Orange County Supervisor of Elections

/s/ John Peterson Janvier
John Peterson Janvier, Pro Se
535 Monica Rose Drive, Apartment #723
Apopka, Florida 32703
Tel:  (407) 394-7770
Email:  zoe4life999@gmail.com
Pro Se Plaintiff, John Peterson Janvier