UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN PETERSON JANVIER,

    Plaintiff,

v.                                              Case No. 6:17-cv-1001-ORL-40DCI

BILL COWLES, SUPERVISOR OF
ELECTIONS, ORANGE COUNTY,
FLORIDA,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS AND
### INCORPORATED MEMORANDUM OF LAW

Defendant, Bill Cowles, Supervisor of Elections, Orange County, Florida ("Supervisor"), by and through his undersigned counsel, and pursuant to Rule 12, Federal Rule of Civil Procedure, hereby submits his Motion to Dismiss and Incorporated Memorandum of Law and states:

**I.  INTRODUCTION:**

This action was filed directly in Federal Court by the Plaintiff, John Janvier ("Janvier"), who asserted the existence of a federal question. The Supervisor has consistently taken a neutral position, neither agreeing nor disagreeing with the underlying point sought by Janvier: whether the criminal infraction he had been convicted of constituted as a felony or a misdemeanor. If the conviction constitutes a felony, current Florida law would prevent Janvier from being included on voter rolls until such time he is granted clemency and has his voting right restored; should the information provided to the Supervisor be in error and the infraction is deemed a misdemeanor, no barrier will exist to Janvier's immediate enfranchisement.

While this question is certainly one susceptible to court resolution, it remains an important threshold question, however; *which* court should resolve the issue.  Because there does not appear to be a proper jurisdictional basis for this issue of state law to be resolved by the federal court, rather than a Florida circuit court, the Supervisor moves for dismissal on this jurisdictional ground.

II.     **STANDARD FOR GRANTING MOTION TO DISMISS:**

A motion to dismiss under Rule 12 is a well-recognized mechanism for asserting certain defenses that test the sufficiency of the complaint and whether the complaint has sufficiently invoked the court's jurisdiction over stated causes of action against the defendant.  Rule 12(b)(1) expressly permits in pertinent part that the defense of a lack of subject jurisdiction may be raised by a motion to dismiss. Moreover, Rule 12(h)(3) makes clear that the lack of subject matter jurisdiction requires dismissal at any time the court determines that it lacks subject matter jurisdiction.

Rule 8, Federal Rules of Civil Procedure, governs the general pleading requirements in federal court and provides that a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).  While Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009).  The pleading requirements prescribed by the Rule and illuminated by the United States Supreme

Court requires that a plaintiff provide more than labels and conclusions, or a formulaic recitation of the elements of a cause of action, or in this case, basis for jurisdiction.

### III.   LACK OF SUBJECT MATTER JURISDICTION:

Subject matter jurisdiction is a fundamental requirement to provide justification for maintaining a cause of action before any court.  Fed. R. Civ. P. 12(h)(3).  So critical is subject matter jurisdiction that it is deemed the most important of all defenses and, as made clear by the rule, cannot be waived and be raised at any time, even directly by the court. E.g. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("a federal court must inquire sua sponte into the issue whether it appears jurisdiction may be lacking"). Janvier's Amended Complaint (Doc. 7) provides no indicia of a genuine federal question and instead provides a claim that appears, on the four corners of the complaint presented, to provide a legal issue that – was certainly a justiciable legal issue – is a matter of state court determination and not a federal question.

The four corners of Janvier's Amended Complaint (Doc. 7), the operative complaint raised to this Court, makes clear that the issue in controversy concerns § 98.075(5), Florida Statutes, as the subject to be reviewed, within the very first paragraph of the Amended Complaint (Doc. 7) stating the "charge (attempt to commit carrying a concealed firearm) is a **misdemeanor** under Florida law, and Janvier is eligible to vote." (Doc. 7, ¶ 1). The charge for which Janvier was convicted, attempt to commit carrying a concealed firearm, appears to be unusual and not a charge for which on point appellate decision has been located to clarify the misdemeanor or felony status of such a charge.  That issue, while critical for resolution of Janvier's issue, is not, however, a federal question. As noted by the Eleventh Circuit, "Federal Courts have limited subject jurisdiction, or in other words, they have the power to only decide

certain types of cases." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). It is a Florida Statute that is plainly susceptible to being adjudged by a Florida court and that is where the action should have been filed. *Id.*

Janvier asserts, without elaboration, that grounds exist for this Federal Court to maintain subject matter jurisdiction in the second paragraph of his Amended Complaint (Doc. 7), stating as follows:

> 2. <u>Grounds for the Court's jurisdiction</u> - see Voting Rights Act of 1965 and The Fifteenth Amendment to the United States Constitution section 1, The right of a citizen of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or **PREVIOUS CONDITION OF SRERVITUDE.** [sic]

(Doc. 7, ¶ 2)

It is unquestionably true that the Voting Rights Act of 1965 and constitutional amendments to the United States Constitution, including the Fifteenth Amendment, are subject matters for which a federal court may review a case in controversy. After review of Janvier's Amended Complaint (Doc. 7), however, it becomes clear that the actual issue in this case is not a Fifteenth Amendment case, nor is it a Voting Rights Act case. 42 U.S.C. § 1973c. Janvier does not allege within the four corners of his Amended Complaint (Doc. 7) whether the reason for his inclusion on the voter registration rolls concerns a protected class or other basis for which a federal question would exist.  Instead, it is a matter of the statutory construction of § 98.075(5), Florida Statutes, that must be resolved for Janvier, and solely that issue of statutory construction. This issue appears unique, but is certainly different from the class issues raised in general disenfranchisement actions applicable to entire classes of citizens, such as *Hand v. Scott*, No.

4:17-cv-128-MW-CAS, (N.D. Fla. 2018). The instant matter is solely focused on an issue of state law and no such federal question exists. See *Smith v. GTE Corp.*, 236 F.3d 1292, 1310-11 (11th Cir. 2001) (requiring accurate depiction of facts raising substantial issues of federal, not state, law).

While Janvier might describe labels or conclusions that would produce the existence of a federal question, the pleading requirements illuminated by the United States Supreme Court require more than such labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Because no substantive argument can or does exist within the four corners of the Amended Complaint (Doc. 7) to make this a federal question as opposed to a state law interpretation question, the Amended Complaint should be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION:

The Supervisor files this Motion to Dismiss in compliance with the Court Order (Doc. 29) issued following the Final Pretrial Conference. As stated during that conference, and again here, the Supervisor does not oppose Janvier's continued efforts to regain his right to vote. The Supervisor, however, must ministerially apply the laws of the State of Florida and is further bound as an officer of the court to identify those circumstances when a court action has been sought without appropriate jurisdictional basis. Because Janvier may have an appropriate remedy in state court, the Supervisor seeks only dismissal of the Amended Complaint (Doc 7) from federal court at this time.

WHEREFORE, Defendant, Bill Cowles, Supervisor of Elections, Orange County, Florida, respectfully requests that this Honorable Court enter an order dismissing the Amended Complaint with instructions that any effort by Janvier to refile should be undertaken in state

court, or alternatively to remand the matter directly to the Circuit Court of Orange County, Florida.

Respectfully submitted on May 11, 2018 by:

SHANNIN LAW FIRM, P.A.

By: */s/ Nicholas A. Shannin*
Nicholas A. Shannin, Esquire
Florida Bar No. 0009570
214 East Lucerne Circle, Suite 200
Orlando, Florida 32801
Tel:  (407) 985-2222
Fax:  (407) 386-1901
Email:  nshannin@shanninlaw.com
          service@shanninlaw.com
General Counsel for Defendant, Bill Cowles,
   Orange County Supervisor of Elections

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system on May 11, 2018.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-ECF participants:

John Peterson Janvier, Pro Se
535 Monica Rose Drive, Apartment #723
Apopka, Florida 32703

*/s/ Nicholas A. Shannin*
Nicholas A. Shannin, Esquire